IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SAVAGE,

    Plaintiff,               No. CIV S-04-2316 WBS KJM

    vs.

UNITED STATES OF AMERICA,

    Defendant.             FINDINGS & RECOMMENDATIONS

_____/

AND RELATED COUNTERCLAIM

_____/

        Counterclaim plaintiff's motion for entry of default judgment came on regularly for hearing January 11, 2006. No appearances were made by any party.[1] Upon review of the motion and the supporting documents, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon counterclaim defendant Phyliss Savage and proof of service was filed March 9, 2005. Cf. Pacific Atlantic Trading Co. v. M/V

---

[1] The court was advised subsequent to the hearing that counsel for counterclaim plaintiff made no appearance because of his misunderstanding the matter was submitted on the papers because no opposition had been filed.

1

1  Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without
2  personal jurisdiction).  The Clerk of the Court entered default against defendant Phyliss Savage
3  on May 6, 2005.  Counterclaim plaintiff's present motion for entry of default judgment was
4  served by mail on defendant Phyliss Savage at her last known address.
5          Entry of default effects an admission of all well-pleaded allegations of the
6  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.
7  1977).  Entry of default judgment is proper where, as in the present case, the facts established by
8  the default support the causes of action pled in the complaint.  The counterclaim complaint and
9  the affidavits filed in support of the motion for entry of default judgment also support the finding
10  that counterclaim plaintiff is entitled to the relief requested in the prayer for default judgment,
11  which does not differ in kind from the relief requested in the counterclaim complaint.  Henry v.
12  Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974).  There are no policy considerations to
13  preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d
14  1470, 1471-72 (9th Cir. 1986) (enumerating factors to be considered).
15          Accordingly, IT IS HEREBY RECOMMENDED that counterclaim plaintiff's
16  motion for entry of default judgment be GRANTED.  A proposed judgment was filed by
17  counterclaim plaintiff on December 8, 2005 (docket no. 28, attachment no. 5) and is approved as
18  to form and substance.
19          These findings and recommendations are submitted to the District Judge assigned
20  to this matter, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being
21  served with these findings and recommendations, any party may file written objections with the
22  court and serve a copy on all parties.  Such a document should be captioned "Objections to
23  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
24  and filed within ten days after service of the objections.  The parties are advised that failure to
25  /////
26  /////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2006.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE

006
savage.defjud